UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BROWN,

    **Plaintiff,**

  v.                                            Case No. 19-CV-1285

MILWAUKEE COUNTY JAIL
and SHERIFF DAVID CLARKE,

    **Defendants.**

## SCREENING ORDER

Plaintiff Michael Brown, an inmate confined at the Drug Abuse Correctional Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law while he was in custody at the Milwaukee County Jail. This matter is now before me on Brown's motion for leave to proceed without prepaying the filing fee and for screening his complaint.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act ("PLRA") applies to this case because Brown was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 5, 2019 the court ordered Brown to pay an initial partial filing fee of $4.99. (Docket # 5.) Brown paid that fee on September 23, 2019. I will grant Brown's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

2.1 Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that

2

whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.2 Brown's Allegations

Brown alleges that he was illegally detained at the Milwaukee County Jail between June 2018 and August 2018. This was the second time he was detained based on a dismissed arrest warrant from Kansas City. When the district attorney failed to provide the documentation about his arrest and/or criminal charges, a judge ordered him released from custody. He seeks damages for the "illegal detainment of [his] person in 2014 and 2018."

2.3 Analysis

Brown's complaint is short on allegations. But construed liberally, Brown attempts to assert a claim related to his alleged unlawful imprisonment in the Milwaukee County Jail, which is cognizable under the Fourth Amendment. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir.2003) (noting that wrongful detention by a state official is a Fourth Amendment violation actionable under 42 U.S.C. § 1983). However, his complaint does not state a claim because he has named one improper defendant (the jail) and one defendant against whom he makes no factual allegations (former Sheriff Clarke).

First, the Milwaukee County Jail is not a proper defendant because § 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The jail is not a person. It is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under § 1983. *See*

3

*Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. *Webb v. Franklin County Jail*, Case No. 16-cv-1284, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the County. *See Abraham v. Piechowski*, 13 F. Supp.2d 870, 877–79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." *Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004)).

And while defendant former Sheriff Clarke *could* be a proper defendant, Brown does not include any allegations against him in his complaint. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). That is, for liability to attach, the individual defendant must have caused or participated in a constitutional violation. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Brown's complaint does not explain how Clarke was involved. If Brown named Clarke as a supervisor because he was the head of the sheriff's department (and the jail), then he should say so. Brown should also be aware that Clarke being the sheriff is not enough in and of itself. The personal responsibility requirement applies, and, with respect to supervisors, it is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. *Id.* In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). For

4

Brown to name Clarke as a defendant, then, Clarke must have been directly involved in Brown's allegedly unlawful confinement or must have known about and condoned it.

Because Brown's complaint fails to state a claim against either defendant, I will give him an opportunity to amend his complaint. When writing his amended complaint, Brown should include enough facts to answer to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Brown's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. Brown should focus on the individuals personally involved in his incarceration.

I am also enclosing a copy of the complaint form and instructions. Brown must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Brown may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Brown must submit his amended complaint by **September 28, 2020** if he wishes to continue with this case. If he fails to do so or ask for more time to do so, I will dismiss his case and issue him a strike under 28 U.S.C. § 1915(g).

**THEREFORE, IT IS ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

5

**IT IS FURTHER ORDERED** that Brown may file an amended complaint that complies with the instructions in this order on or before **September 28, 2020**. If Brown files an amended complaint by the deadline, I will screen the amended complaint under 28 U.S.C. § 1915A. If Brown does not file an amended complaint by the deadline, I will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $344.01 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Brown is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.