# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL BROWN,

    Plaintiff,

v.                                             Case No. 19-CV-1285

SHERIFF DAVID CLARKE and
MILWAUKEE COUNTY JAIL
CIRCUIT MUNICIPAL CORPORATION,

    Defendants.

## SCREENING ORDER

Plaintiff Michael Brown, an inmate confined at the Drug Abuse Correctional Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law while he was in custody at the Milwaukee County Jail. I screened his original complaint and found that it failed to state a claim. (Docket # 9.) I gave Brown an opportunity to file an amended complaint, and he has done so. Accordingly, his amended complaint is now before me for screening.

1. *Screening the Complaint*

    1.1 Federal Screening Standard

Under the PLRA, I must screen complaints, including amended complaints, brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

1.2 Brown's Allegations

Brown alleges that he was illegally detained at the Milwaukee County Jail. In March 2014, a judge ordered that he be released on personal recognizance in two of his Milwaukee County criminal cases and be "turn[ed] over to Justice Point for GPS monitoring." (Docket

# 10 at 1.) A couple months later, on May 9, 2014, a case based on a warrant from the State of Kansas, was also dismissed. At that point, there was no basis for Brown to continue to be imprisoned.

A couple weeks later, on May 19, 2014, Brown's attorney spoke to someone at the Milwaukee County Jail, who said Brown had not been released because no one from Justice Point had requested him. When his attorney spoke to someone at Justice Point, he was told that the Jail would not release him despite Justice Point's attempts because of the existence of the Kansas warrant. Brown alleges that defendant David Clark ordered jail personnel to not release him. He also alleges that Clark was employed "by the Milwaukee County Jail Circuit Municipal Corporation." (Docket # 1 at 3.) It appears from the complaint that Brown filed a petition for a writ of habeas corpus in Milwaukee County Circuit. He seeks monetary damages.

1.3 Analysis

Brown alleges that he was incarcerated beyond when he should have been released. When a pretrial detainee complains that he was wrongfully held in jail, his claim arises under the Fourth Amendment. *Williams v. Dart*, 967 F.3d 625, 632–33 (7th Cir. 2020). "The Fourth Amendment protects the right of the people to be secure in their person against unreasonable seizures." *Id.* at 632. The "standard for pretrial detention is probable cause" and the "procedure for pretrial detentions . . . is a decision by a neutral and detached magistrate." *Id.* Here, Brown alleges that though a "neutral and detached magistrate" ordered that he be released on personal recognizance and GPS monitoring in two of his cases and dismissed the remaining third case, Clark ordered that Brown not be released. This is similar to the allegations underlying the *Williams* case, in which the sheriff disagreed with the

3

implementation of more GPS monitoring for pretrial defendants and himself decided to hold inmates even when a judge ordered they be released. I will therefore allow Brown to proceed against Clark under the Fourth Amendment based on his allegation the Clark order he remained incarcerated despite judicial orders he be released.

Brown also sues "Milwaukee County Jail Circuit Municipal Corporation." I am not sure what or who he means by that. I will dismiss it as defendant.[1] As a reminder, Brown cannot sue the jail, as I explained in my previous screening order. If, perhaps, Brown meant to sue Milwaukee County itself, he may do so only if he alleges that his constitutional deprivations were the result of an express policy or a custom or practice of the county. *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)). He has not done so here.

**THEREFORE, IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (Docket # 10) and this order upon defendant David Clark pursuant to Federal Rule of Civil Procedure 4. Brown is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§

---

[1] As named, the "Milwaukee County Jail Circuit Municiapl Corporation" is not a suable entitiy. It is not clear exactly what Brown meant. Because it is not clear who or what Brown intended to sue, it is not a party. Therefore, its consent is not required to dismiss it from this action. *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

4

0.114(a)(2), (a)(3). The U.S. Marshals Service will give Brown information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendant Clark shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Brown is reminded that it is his responsibility to

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

promptly notify the court if he is released from custody or transferred to a different institution. Brown's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brown may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge